FRANZ MARTINI AND ELISE MARTINI, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 84422. Filed April 27, 1962.

*Clarence A. Bradford, Esq.*, for the petitioners.
*Julian R. Ettelson, Esq.*, for the respondent.

OPINION.

FAY, *Judge:* The Commissioner determined a deficiency in the petitioners' income tax for the taxable year 1957 in the amount of $911.62. Some of the issues have been conceded by the respondent. The only remaining issue is whether sums received as royalties under a license of certain patents are capital gains.

All of the facts are stipulated and are found as stipulated.

The petitioners are husband and wife. They filed their joint Federal income tax return for the taxable year ended December 31, 1957, with the district director of internal revenue, Detroit, Michigan.

Franz Martini, hereinafter referred to as the petitioner, was issued United States Letters Patent No. 2,546,465 dated March 27, 1951, and No. 2,712,419 dated July 5, 1955, pertaining to spinning-type fishing reels.

The petitioner entered into a license agreement dated October 18, 1955, with Commerce-Pacific, Inc. By this agreement the petitioner granted Commerce-Pacific—

the exclusive right and license in and throughout the United States and its territorial possessions to use and sell, and to sublicense others to use and sell, fishing reels made in Japan and embodying any of the inventions of said patents No. 2,546,465 and No. 2,712,419.

This agreement further provided:

6. Either party hereto shall have the right to cancel and terminate this agreement by giving to the other party written notice of election so to do six (6) months in advance of any anniversary date hereof. * * *

If not sooner terminated, the agreement was to remain in effect until the expiration of patent No. 2,712,419.

The petitioner received $3,959.15 in 1957 as royalties under this license agreement.

During a period beginning about the middle of 1954 and extending beyond 1957 the petitioner, through several closely held corporations, manufactured fishing reels containing parts covered by the patents mentioned in the license agreement. These reels were sold and distributed throughout the United States by Longfellow Products, Inc.

The petitioner contends that he is entitled to treat the royalties received under this license agreement as gain from the sale of a capital asset. We cannot agree.

Section 1235(a) of the Internal Revenue Code of 1954 provides:

SEC. 1235.  SALE OR EXCHANGE OF PATENTS.

(a) GENERAL.—A transfer (other than by gift, inheritance, or devise) of property consisting of all substantial rights to a patent, or an undivided interest therein which includes a part of all such rights, by any holder shall be considered the sale or exchange of a capital asset held for more than 6 months, regardless of whether or not payments in consideration of such transfer are—

(1) payable periodically over a period generally coterminous with the transferee's use of the patent, or

(2) contingent on the productivity, use, or disposition of the property transferred.

Section 1.1235–2(b), Income Tax Regs., provides, in part, as follows:

(b) *All substantial rights to a patent.*

(1) The term "all substantial rights to a patent" means all rights which are of value at the time the rights to the patent (or an undivided interest therein) are transferred. The circumstances of the whole transaction, rather than the particular terminology used in the instrument of transfer, shall be considered in determining whether or not all substantial rights to a patent are transferred in a transaction. A transfer limited in duration by the terms of the instrument to a period less than the remaining life of the patent is not a transfer of all substantial rights to a patent.

\*          \*          \*          \*          \*          \*          \*

(4) The retention of a right to terminate the transfer at will is the retention of a substantial right for the purposes of section 1235.

We are unable to find that the petitioner transferred to the licensee all the substantial rights in his patents. Whether he did so depends upon the legal effect of the license agreement. *Switzer* v. *Commissioner*, 226 F. 2d 329 (C.A. 6, 1955), affirming a Memorandum Opinion of this Court. This agreement granted only the exclusive right to use and sell in the United States goods made in Japan which embody parts covered by the patents. Thus it is clear that the agreement does not grant the right to manufacture in the United States the goods covered by the patents. Nor does it grant the right to sell in the United States goods manufactured in the United States which are covered by the patents. Indeed, it is stipulated that the petitioner manufactured and sold such goods in the United States during at least 2 years after he entered into the license agreement. The petitioner has presented no evidence that this right did not have substantial value.

The petitioner has urged that this case should be controlled by *Bannister* v. *United States*, 262 F. 2d 175 (C.A. 5, 1958). However, we need not consider the applicability of that case to the present proceeding because a more recent case from the same Court of Appeals, *Kirby, II* v. *United States*, 297 F. 2d 466 (C.A. 5, 1961), is more nearly in point. In the *Kirby, II* case, the Court of Appeals found that the taxpayer in granting a license under a patent had retained

the right to manufacture the patented item in the United States. It held that the retention of this right, without establishing the fact that it had no value, was sufficient to defeat the taxpayer's claim that he had transferred all of his substantial rights under his patent. For the same reason we are unable to conclude that the petitioner here transferred all of his substantial rights under his patents. This result, as well as the result reached in the *Kirby, II* case, is supported by numerous other cases which need not be set forth here.

In addition, the petitioner here retained the right to cancel the license at will upon giving 6 months' notice. Nothing in the record indicates that this right was without value. The retention of this right must also lead us to the conclusion that the petitioner failed to transfer all of his substantial rights under the patents. *Arthur M. Young*, 29 T.C. 850 (1958), affd. 269 F. 2d 89 (C.A. 2, 1959).

Therefore, the income which the petitioner received in 1957 under the license agreement is not gain from the sale or exchange of a capital asset but is royalty income taxable at ordinary income rates.

*Decision will be entered under Rule 50.*